[Crim. No. 1000. Second Appellate District, Division Two.—March 7, 1924.]

THE PEOPLE, Respondent, v. ROY LEONARD et al., Appellants.

[1] CRIMINAL SYNDICALISM ACT — VERDICT — EVIDENCE. — In this prosecution for a violation of the provisions of the Criminal Syndicalism Act, the evidence was insufficient to justify the verdict as to any of the defendants.

(1) 33 C. J., p. 165, sec. 25.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

R. W. Henderson for Appellants.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—Defendants were charged with the crime of criminal syndicalism under an indictment in two counts, each count averring that the crime was committed in Los Angeles County. In the first count it was charged that each of the defendants did "organize and assist in organizing and knowingly became members" of the Industrial Workers of the World, the nature and character of which organization is then averred. The second count charges, "for a second and separate cause of action . . . , and being a different statement of the same offense charged" in the first count, that "the said defendants are accused . . . of the crime of criminal syndicalism, a felony, . . . to wit: That the said defendants, and each of them . . . and the members of said Industrial Workers of the World, by joining and becoming members of said organization, agreed to enter into and did enter into a conspiracy . . . to bring about a change of industrial ownership and effecting political changes" in California and the United States, "and as a part of said conspiracy, . . . to use force and violence and unlawful methods of terrorism to bring about such changes, and . . . to teach, advocate, aid and abet, commit and attempt to commit criminal syndicalism, . . . said organization, its members and the defendants herein did print, . . . distribute and circulate and publicly display books, papers, . . . and other . . . matter containing and carrying written and printed advocacy, teachings and aiding and abetting and advising criminal syndicalism . . . in order to organize and assist in organizing and inducing persons to become members of said organization . . . , to advocate, teach, aid and abet criminal syndicalism; that in furtherance of said conspiracy the said organization, its members, and the defendants herein, caused to be printed and distributed and circulated, and did print, teach, distribute and circulate . . . the preamble of the Industrial Workers of the World. . . . "

Defendants Duffy, Larson, and Oria were convicted under the first count of the indictment. Defendants Leonard, Fink,

Erwin, Gross, and Allen were convicted under both counts. All appeal from the judgment of conviction.

[1] It is contended that there is in the record no evidence to support the verdict convicting any of appellants. This point may be summarily settled as to each of appellants and speedy disposition thus be made of the appeal.

There is no evidence that either appellant Erwin or appellant Gross or appellant Oria was ever in Los Angeles County prior to the date upon which the indictment was found.

There is some evidence of the commission by appellant Leonard, in the county of Imperial, of acts of a nature similar to those charged in the indictment, but no evidence that he committed any such acts in the county of Los Angeles.

Appellant Fink, at the time of his arrest, which occurred before the indictment was found, was possessed of a membership card in the Industrial Workers of the World, which we shall henceforth refer to as the I. W. W. This card recited, "Issued by Authority of the General Executive Board of the I. W. W.," and showed that Fink was "initiated T. S. Waller, M. T. W. Union No. 8—April 8, 1920." The arresting officer testified: "I told him [Fink] that I was surprised to see him down in this hall [at the time of the arrest] in a big meeting that had taken place that afternoon; was surprised to see him there in that hall with those papers, selling those papers there; and found these books and all this stuff on him." The papers referred to by the witness were six copies of a newspaper, seven copies of a "demand," or circular, and one copy of a pamphlet, all apparently issued by the I. W. W. They were introduced in evidence. All of them, except the pamphlet, were identified by an affirmative answer of the witness to a question of the prosecutor: "Are these the papers you refer to as being in his possession there in the hall?" The witness identified the pamphlet as having been "taken off him at the time he was arrested." This was all the evidence offered to show the commission by Fink of the acts charged in the indictment. It is plain that it was insufficient to support the verdict on either count. The record fails to show that Fink organized or assisted in organizing the I. W. W.,

or that he became a member thereof in Los Angeles County, or that he printed, distributed, circulated, or publicly displayed any written or printed matter whatever.

The evidence offered to show the commission by appellant Allen of the acts charged in the indictment was in the testimony of the officer who arrested him. This officer talked with Allen in jail the next day after the arrest. Allen then said he was a member of the I. W. W. and had been for some time. The officer, along with others, then took Allen to a place which some person other than the prisoner had said was his residence and they there found I. W. W. literature. This evidence, all that was offered to prove Allen's alleged criminal acts, was palpably insufficient as a support for the verdict against him.

The only evidence introduced for the purpose of showing the commission by appellant Duffy of the acts charged in the indictment was that, upon his arrest, he was possessed of an I. W. W. button and of a suitcase in which was contained some I. W. W. literature. This evidence, of course, gave no support to the verdict.

It was only shown against appellant Larson that the officer who arrested him had a "conversation with him about his membership in the I. W. W." The prosecution offered a membership card in the organization, but it was rejected by the court upon objection that it was not shown to have been issued to Larson. It was superfluous to say that there was no evidence against that appellant.

It is just to remark that the attorney-general, in the brief filed by him, practically concedes that the judgment must be reversed.

Judgment reversed as to each appellant.

Finlayson, P. J., and Craig, J., concurred.